18903

SOUTHERN SOYA CORPORATION of Cameron, Respondent, v. Robert C. WASSON, Wyatt E. DURHAM, and J. A. CALHOUN, JR., as Members Composing the South Carolina Tax Commission, Appellants.

(167 S. E. (2d) 311)

*Daniel R. McLeod, Attorney General,* and *Joe L. Allen, Jr.,* and *G. Lewis Argoe, Jr., Assistant Attorneys General,* of Columbia, *for Appellants,*

*Messrs. Lawrence M. Gressette, Jr.* and *Gressette & Gressette,* of St. Matthews, *for Respondent,* ▐▌▌▌▌▌▌▌

*Messrs. Daniel R. McLeod, Attorney General,* and *Joe L. Allen, Jr.,* and *G. Lewis Argoe, Jr., Assistant Attorneys General* of Columbia, *for Appellants, in Reply,* ▐▌▌▌▌▌

April 14, 1969.

LITTLEJOHN, Justice.

This action was brought to recover income tax paid under protest to the South Carolina Tax Commission. The tax was paid after the Commission held that the taxpayer was not entitled to a claimed deduction referred to in the statute.

The Commission demurred to the complaint on the ground that it appeared on the face thereof that the taxpayer had not brought itself within the terms of the statute allowing the deduction. The statute allows one operating a new business facility to deduct a carry-over loss provided it elects to report on a separate accounting basis and shows such election in writing in the first income tax return filed after the establishment or completion of the new facility. From an order overruling the demurrer the Commission appealed.

Pertinent portions of the complaint are as follows:

"4. That plaintiff was incorporated in July of 1962 and, while continuing the operation of a grain storage facility formerly owned by Central Grain Company, established as a new business, a soybean processing plant which commenced operations on or about May 5, 1963, with an initial investment in excess of $1,000,000.00

"5. Plaintiff reports its income on a fiscal year basis and closes its books on September 30 of each year and filed its tax returns for the periods ending in 1963, 1964, and 1965 on a basis combining both the old business and the new processing plant; that these returns reflected a net loss of approximately $82,320.00 for the year 1963, $161,000.00 for the year 1964, and $152,303.00 for the year 1965.

"6. That when plaintiff filed its 1966 tax returns, a carry-over loss was claimed in an amount equal to the total accumulated losses from the combined businesses for the periods ending in 1963, 1964, and 1965; that these losses were deducted from its 1966 net income as otherwise computed without the benefits of the carry-over deductions and tax was paid on the remaining net income after deducting these losses.

"7. That plaintiff made no specific election in filing the 1963 return to report the income of the new business on a separate accounting basis as provided by Section 65-259 (12), nor was there any such election claim made on the

1964 or 1965 return, nor was any loss carry-over claimed on the 1964 or 1965 return.

"8. That upon examination of the 1966 tax return, the defendant disallowed the claimed carry-over losses on the basis that the plaintiff had not complied with the provisions of Section 65-259(12) (e) with respect to making an election in the first-income tax return filed after the establishment of completion of the new facility.

"9. Plaintiff protested the additional assessment, claiming that the failure to make the election called for under Section 65-259(12) (e) was an unintentional oversight and submitted, along with its protest, amended returns for the years ending in 1963, 1964, 1965, and 1966 making such elections."

The prayer for relief asked the court to hold that the Commission erred in failing to allow the carry-forward loss allowed new business by Section 65-259(12) (e).

That statute permitting a deduction to an income taxpayer suffering a loss in the operation of a new facility reads in part as follows:

"65-259. Deductions. In computing net income there shall be allowed as deductions:

*   *   *   *   *   *

"(12) With respect only to taxpayers who have established a new business or industry in this State during the calendar year 1955 and thereafter, in additon to other deductions allowed by this chapter, there shall be allowed as a deduction from gross income a net operating loss carry-over under the following rules:

*   *   *   *   *   *

"(e) The benefits of this item (12) shall be available to taxpayers establishing or completing additional industries or businesses within this State with respect to each additional distinctly separate new business or industry, established or completed within this State during the calendar year 1960 and thereafter, * * * ; *provided,* that the

taxpayer so situate shall make an election in writing to the Commission in the first income tax return filed after the establishment or completion of the new facility, to report on a separate accounting basis the net income or net loss of such additional distinctly separate new businesses or industries; provided, further that separate accounting for such additional facility shall not be available after the net operating losses provided for by this item (12) have been absorbed and applied."

From a reading of the statute it is readily seen that the law requires a taxpayer, who wishes to take advantage of a loss carry-over benefit, to make an election to report on a separate accounting basis the net income or net loss of such additional distinctly separate new business or industry. This election must be made in writing to the Commission in the first income tax return filed after the establishment or completion of the new facility. It is admitted in paragraph seven of the complaint that no such election was made in the first tax return.

The sole issue for determination by this court is whether the lower court judge erred in failing to hold that the taxpayer was not entitled to the benefit of the statute because it did not make the election at the time designated.

The deduction and benefit is allowed as a matter of legislative grace. In order to take advantage of this statute the respondent was required to meet the conditions of the statute which granted the benefit. See *Southern Weaving Co. v. Query,* 206 S. C. 307, 34 S. E. (2d) 51.

The position of counsel and the order of the lower court has considerable appeal, but the statute is not ambiguous and leaves no room for construction. The statute contemplates that the election should be made at the time of filing the next or first return. Under respondent's theory the election might be made at such time as the taxpayer chose to file an amended return.

Even if the statute were ambiguous the court would be required to construe the same unfavorably to the taxpayer.

"The rule generally applicable in the construction of income tax statutes that ambiguities are to be resolved in favor of the taxpayer * * * does not apply in the construction of a statute authorizing deductions; rather, the ambiguity will be resolved against the taxpayer." 47 C.J.S. Internal Revenue § 230, p. 378.

In the case of *J. E. Riley Investment Co. v. Commissioner of Internal Revenue,* 311 U. S. 55, 61 S. Ct. 95, 85 L. Ed. 36, the taxpayer was an Alaskan gold miner operating at a place so remote that in order to avoid delinquency, returns were customarily made on forms for an earlier year. He did not know that depletion statutes had been amended until several months after his return for 1934 had been filed. The amended law required the taxpayer wishing to take advantage of the new benefits to elect in his first return whether the depletion allowance was to be computed with or without regard to the percentage depletion. In March 1936 he attempted to amend his return for 1934 so as to take advantage of the statute with which he could not have been familiar at the time his return was originally made. The court held that the first return contemplated by the statute was the original return for the year.

In like fashion we conclude that the return contemplated by Section 65-259 (12) (e) was not the amended return filed by the taxpayer in this case. Nothing required the legislature to permit this deduction, and after allowing the same such could be restricted as seemed appropriate to the lawmakers. For reasons satisfactory to the legislature the offer permitted an election only in the first return.

We hold that the respondent, having failed to comply with the statute, was not entitled to the deduction. The trial judge was in error in overruling the demurrer.

490

Reversed.

Moss, C. J., and LEWIS, BUSSEY, and BRAILSFORD, J.J., concur.