20313

AVCO CORPORATION, Appellant, v. Robert C. WASSON, Chairman, et al., Respondents.

(230 S. E. (2d) 614)

*Messrs. Edward D. Buckley,* of *Bailey and Buckley,* Charleston, and *Paul W. Meyers* and *Folger Brink,* of Greenwich, Conn., *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., G. Lewis Argoe, Jr.,* and *John C. von Lehe, Asst. Attys.*

*Gen.,* of Columbia, *for Respondent,*

November 30, 1976.

*Per Curiam:*

The order of the lower court correctly disposes of the issues in this appeal and, with certain additional discussion, will be reported as the judgment of the Court. The order, with the additions, follows:

## ORDER

This action was brought by Avco Corporation for the refund of corporation income taxes assessed for the tax years 1969 and 1970. It is stipulated that the amount in issue is $61,003.62, a part of which was paid by Avco under protest and a part being paid by Avco as estimated income tax prior to the Commission's additional income tax assessment.

Avco and the Tax Commission have agreed to a Stipulation of Facts. Avco, during 1969 and 1970, owned and operated a manufacturing plant in Charleston County where it manufactured and overhauled aircraft engines. This is its principal business activity within South Carolina. Its state of incorporation is Delaware and its principal office is in Connecticut. During the years 1969 and 1970 Avco issued and sold debentures to finance the purchase of stock in two finance companies, namely Seaboard Finance Company (Seaboard) and Carte Blanche Corporation (Carte Blanche). In preparing its South Carolina income tax returns, Avco deducted the interest and expenses incurred in connection with the issuance of these debentures in arriving at its apportionable income.

It is Avco's contention that these expenses were properly deducted in arriving at income to be apportioned under Section 65-279.3 of the Code of Laws of South Carolina. The Commission contends to the contrary that these expenses are specifically allocated for tax purposes to the state of the corporation's principal place of business, namely Connecticut, under the provisions of Section 65-279.1(2), and disallowed the claimed deduction and assessed the additional taxes here in issue. The trial court ruled in favor of the Tax Commission and Avco appeals that decision.

The controversy here involves the computation of Avco's income that is attributable to business in South Carolina and is therefore subject to taxation in South Carolina. From the stipulation it is apparent that neither the appellant nor respondent contends that Avco can separately account for income earned in South Carolina. Therefore, the provisions found in Article 5 of Chapter 5 of Title 65 of the Code relating to the allocation and apportionment of income must be applied in resolving the issue herein. Section 65-279.1 requires certain items of income and expenses to be directly allocated. Section 65-279.3 requires the remaining income of any taxpayer after allocation pursuant to Section 65-279.1

to be apportioned on the basis of the three-factor formulas provided for in Sections 65-279.4, 65-279.5 and 65-279.6.

The Court is not here concerned with the methods of apportionment or the reasonableness of apportionment, but instead is asked to determine whether or not the expenses incurred in connection with the issuance of debentures used to finance the acquisition of stock in other corporations should be allowed as a deduction against Avco's income which it is stipulated must be apportioned.

It is the conclusion of this Court that Section 65-279.1 (2) when read in conjunction with Section 65-279.3 and 65-222.2, clearly answers the issue in this case. Section 65-279.3 and 65-222.2, clearly answers the issue in this case. Section 65-279.1(2) provides specifically that the dividends which a corporation receives because of the ownership of stock are to be allocated to the state of a corporation's principal place of business and are taxable by such state. It further provides that all related expenses shall be allocated to that state.

It is stipulated that Avco received dividends from the stock of Seaboard Finance Company and that these dividends were not taxable in South Carolina as the same were allocated by this section to the state of Connecticut. No dividends were received from the Carte Blanche stock. It is also evident from the stipulation of facts that the interest expenses involved were incurred for the sole purpose of purchasing the Carte Blanche and Seaboard stock.

Both appellant and respondent agree that any dividend income received by Avco from the stock ownership in Carte Blanche Corporation and Seaboard Finance Company is not taxable in South Carolina and agree that it is taxable in Connecticut under Section 65-279.1(1). The interest expenses incurred solely for the purpose of purchasing the Carte Blanche and Seaboard stocks are related expenses under Section 65-279.1(2) and are allocable to Connecticut where the dividend income is taxable.

Appellant argues that Section 65-279.1(2) and related sections do not require the allocation of a net loss, which would be the result here as the related interest expenses exceed the dividends received from the Seaboard stock. The allocation of a net loss results in a higher figure for the income apportionable to South Carolina than Avco reported in its returns for the years in question. It is clear, however, that Sections 65-279.3 and 65-279.1(2) require the net loss in this case to be allocated. Section 65-279.3 requires "Net income of the above classes [referring to Sections 65-279.1 and 65-279.2]" to be allocated in order to determine the income apportionable to South Carolina. The "net income" referred to in Section 65-279.3 and the "items of income" referred to in Section 65-279.1 obviously may be either negative or positive figures as subdivisions (5), (6) and (7) of Section 65-279.1 contemplate the allocation of "gains and losses."

Appellant's argument that there can be no allocation of the Carte Blanche interest expense as no dividends were received from that stock must also be rejected. Although Section 65-279.1(2) refers to the allocation of "Dividends received . . ., less all related expenses," the actual receipt of a dividend from each stock purchased is not required before the interest expenses related to the stock purchase are to be allocated. Section 65-279.1(2) deals with the *activity* of seeking dividend income through stock acquisitions and the interest expenses here are clearly allocable.

The case of *Colonial Life & Accident Insurance Company v. South Carolina Tax Commission,* 248 S. C. 334, 149 S. E. (2d) 777, illustrates the credence this Court gives to the policy outlined in Section 65-222.2 and the power and duty of the Tax Commission under that section. These considerations support the result in this case.

The court, commenting upon the matching of income and expenses, stated:

"In support of its contention that all taxes paid by it in South Carolina are deductible, Colonial relies upon Section

65-259(4), which allows, among deductions in computing net income, 'taxes for the income year' except income and inheritance taxes and those assessed for local benefits. This contention disregards the fact that certain taxes paid by Colonial in South Carolina are for the benefit of its business in other states as well as this, *e. g.*: county and municipal property taxes on its home office and its furnishings, which enure to the benefit of its entire organization, as do taxes relating to employment of personnel of the home office, whose services are rendered to its agents and agencies throughout the whole area of its operations. It would lead to the unreasonable conclusion that the General Assmbly intended the tax statutes in question, which exempt from the license tax base Colonial's income from policyholders in other states, to allow deduction for income and license tax purposes not only of those taxes that are fairly referable to the production of taxable South Carolina income, but also of those that are referable to the production of the tax-free out-of-state income. It overlooks, too, Section 65-222.2, which declares that where a taxpayer transacts business partly within and partly without this State his income tax shall be imposed upon a base 'which reasonably represents the proportion of the trade or business carried on within this State.' The lower court properly held that the provisions of 65-259(4) permitting tax deductions in the computation of taxable income, and those of 65-222.2, should be considered together. In the exercise of its functions, under 37-130.3, of administering and collecting the license tax, the Commission has the power and the duty, in cases within the purview of 65-222.2, to prescribe a method for arriving at a tax base 'which reasonably represents the proportion of the trade or business carried on within this State'; and its determination thereabout will not be overthrown by the courts except upon a showing, absent here, that it is arbitrary, discriminatory or unreasonable. Cf. *Atlantic Coast Line R. Co. v. Public Service Commission,* 225 S. C. 196, 81 S. E. (2d) 357; *Griggs v. Hodge,* 229 S. C. 245, 92 S. E. (2d) 654."

It has been stated on numerous occasions by our courts that in order for a taxpayer to avail himself of a deduction in the calculation of a tax, the taxpayer must bring himself squarely within the terms of the statute authorizing such deduction. *Southern Weaving Co. v. Query,* 206 S. C. 307, 34 S. E. (2d) 51; *Fennell v. South Carolina Tax Commission,* 233 S. C. 43, 103 S. E. (2d) 424; *Colonial Life & Accident Insurance Co. v. South Carolina Tax Commission, suppra.* This Court looks upon the issue here as a claim for a deduction in arriving at income taxable in South Carolina and for this reason believes that the principle above referred to is applicable and is in support of this Court's conclusion.

It is the conclusion of the Court, therefore, that the appellant is not entitled to the refund claimed as Section 65-279.1(2) of the Code allocates the amount claimed as expenses to the state where the related income is taxable.

The order of the trial court is affirmed.