20340

DAVIS MECHANICAL CONTRACTORS, INC., Respondent, v. Robert C. WASSON et al., Appellants.

(231 S. E. (2d) 300)

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr.,
Dep. Atty. Gen., G. Lewis Argoe, Jr.,* and *John C. vonLehe,
Asst. Attys. Gen.,* of Columbia, *for Appellants,*

*Cary H. Hall, Jr., Esq.,* of *Wyche, Burgess, Freeman and
Parham,* Greenville, *for Respondent,*

January 5, 1977.

NESS, Justice:

This appeal involves the recovery of corporate income taxes paid under protest. From a judgment in favor of the Respondent Davis Mechanical Contractors, Inc., the South Carolina Tax Commission has appealed.

The sole question before this Court is whether the taxpayer has "established a new business or industry in this State" which would warrant a net loss carry-over deduction from gross income. Section 65-259(12), Code of Laws, 1962. The lower court held that the respondent had established a "new business" as contemplated by the statute. We disagree.

Davis Mechanical Contractors, Inc. (Old Davis) was organized in 1949 and engaged in the business of electrical contracting, custom metal fabrication, and air conditioning duct fabrication and installation. In 1965, Old Davis dissipated the bulk of its holdings. Respondent (New Davis) purchased the fixed assets used in the air conditioning duct installation, one-half of the air conditioning duct fabrication and custom metal fabrication facility, and the name "Davis Mechanical Contractors." New Davis agreed to complete the air conditioning ductwork installation contracts of Old Davis, a commitment between two and three million dollars.

New Davis engaged in several endeavors which were not performed by Old Davis. One of these new undertakings was the installation of sprinkler and fire prevention systems which resulted in the respondent's losses during its second and third years of operation and primarily constitutes the subject matter of this suit. Other than the air conditioning ductwork installation. New Davis engaged in types of activities totally foreign from those performed by Old Davis. However, both parties agreed that the characterization of the metamorphosis was a transformation of Davis from a "build contractor" to a "design and build contractor."

Tax deductions are a matter of legislative grace and the taxpayer must establish compliance with the statutory conditions imposed. *AVCO Corporation v. Wasson*, S. C., 230 S. E. (2d) 614 (1976); *Southern Soya Corporation of Cameron v. Wasson,* 252 S. C. 484, 167 S. E. (2d) 311 (1969). This Court has very recently construed Section 65-259(12) as ambiguous and has recognized that the language must only be given its plain, ordinary meaning, but it must also be construed strictly against the claimed deduction. *C. W. Matthews Contracting Company, Inc. v. S. C. Tax Commission,* S. C., 230 S. E. (2d) 223 (1976). More significantly, the determination of whether or not a new business or industry has been established must be ascertained from the company's initial year of operation. Id.

This Court has heretofore had two opportunities to approach the identical issue presented in this appeal. In both cases we held that acquiring and improving an established business, was not equivalent to establishing a new business under the purview of this statute. *C. W. Matthews Contracting Company, supra; Chronicle Publishers, Inc. v. S. C. Tax Commission,* 244 S. C. 192, 136 S. E. (2d) 261 (1964).

The manifest legislative intent of this statute is to encourage fresh sources of employment and revenues by mitigating start-up losses. The statute attempts to inspire fledgling businesses. It was not designed to recoup bad investments.

New Davis experienced a substantial profit in its initial year of operation. The losses realized in the second and third years resulted principally from the sprinkler business, which was an expansion venture by New Davis.

It is uncontested that New Davis launched several business activities diverse from those of Old Davis. However, we are not confronted with a situation in which only an insignificant portion of an existing enterprise is perpetuated. It is stipulated that the billings on the Old

Davis' completed contracts in the first year alone exceeded five million dollars. There was no hiatus in the portion of the business of Old Davis purchased by respondent. A continuation of a pre-existing concern even with major additions and expansions is not the establishment of a new enterprise within the meaning of Section 65-259(12).

We are unwilling to conclude under the facts and circumstances of this case that New Davis was a "new business" as contemplated under Section 65-259(12). The judgment of the lower court is reversed and this case is remanded for entry of judgment for the South Carolina Tax Commission.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.