22016

Ray G. ELLIS and Elizabeth Ellis, Appellants, v. SOUTH CAROLINA TAX COMMISSION, Respondent.

(309 S. E. (2d) 761)

*James R. Gardner, J. Wiley Ellis* and *Dorothy W. Courington,* Savannah, Ga., *for appellants.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Ray N. Stevens,* Columbia, *for respondent.*

Dec. 6, 1983.

LITTLEJOHN, Justice:

This action was commenced by the Appellants, Ray G. Ellis and Elizabeth W. Ellis (Taxpayers), against the Respondent, South Carolina Tax Commission (Commission), pursuant to § 12-47-220, *Code of Laws of South Carolina* (1976), seeking a recovery of additional personal income taxes paid under protest to the Commission on January 15, 1980, in the amount of Twenty-Four Thousand Three Hundred Ninety-Two and 49/100 Dollars ($24,392.49). The question presented is the Commission's disallowance of deductions claimed by the Taxpayers by reason of their interest in certain out-of-state limited partnerships which incurred certain operating losses. The disallowance by the Commission was, upon appeal to the Circuit Court, affirmed. The Taxpayers now appeal to this Court. We also affirm the ruling by the Tax Commission.

The basic facts are not in dispute and an agreement was entered by both parties stipulating these facts to be substantially as follows:

The Taxpayers are residents of Hilton Head Island, Beaufort County, South Carolina. As husband and wife, they filed a joint state income tax return in South Carolina for the year 1976, and reported thereon losses in the amount of $167,934.00 on interests owned by them in certain limited partnerships. Similarly, in 1977, the Taxpayers filed a joint state income tax return and reported losses of $159,487.00 from their investments in limited partnerships. Since the Taxpayers filed a joint return, their interests in the limited partnerships will be referred to herein in the plural, even though only one Taxpayer owned such interests.

The limited partnerships in which the Taxpayers had ownership interest were for the most part involved in oil and gas drilling, and exploration, and real estate ventures. Each of these limited partnerships is organized under the laws of a state other than South Carolina, and the business activity of each is conducted entirely in a state other than South Carolina.

The Commission disallowed the losses reported by the Taxpayers, and on January 15, 1980, the Taxpayers paid under protest the sum of $24,392.49. This sum represents the taxes and interest assessed because of the disallowance of the above-mentioned limited partnership losses by the Commission.

The trial court relied largely on the case of *Seward v. South Carolina Tax Commission*, 269 S. C. 52, 236 S. E. (2d) 198 (1977) for its ruling. The Taxpayers would avoid the impact of this case by contending that it is distinguishable from this case because here, unlike *Seward*, a limited partnership's ownership and operation is involved. The circuit court judge properly analyzed this issue. We adopt the language of that Court.

The taxpayers in the instant case have argued extensively that their interest in these out-of-state limited partnerships are intangible personal property interests, something approaching ownership of corporate stock, and that by reason of such, operating items of income or loss should be allocated to South Carolina under §§ 12-7-1120(1) and (7), South Carolina Code of Laws (1976). The result would be that income from such interests would be taxable and losses from such interest would be deductible.

The Commission has taken the position, and rightfully so, that if a resident individual taxpayer of South Carolina has an out-of-state partnership interest which partnership conducts no business in South Carolina, and that partnership has operating gains which are passed through the partnership to the partner in South Carolina, then by statute, §§ 12-7-300 and 12-7-250, South Carolina Code of Laws (1976), none of these gains are included in the base to which South Carolina income tax is applied. If no gains are included in that base by reason

of the statutes involved, then no losses would be included in that base.

Partnerships and limited partnerships are not taxed on their income or losses. Although a partnership files an informational return, the income or losses must be passed through and distributed to the individual partners for separate inclusion or deduction in their individual tax returns. Section 12-7-300, entitled "Liability of Partners," supports this "pass through" concept by stating:

> An individual carrying on business in partnership shall be liable for income tax only in his individual capacity and shall include in his gross income his distributive share of the net income of the partnership for each income year, whether distributed or not.

The "pass through" rule is equally applicable to limited partnerships. Section 12-7-300 makes no distinction between a general or limited partnership. By reason of the "pass through" rule, the character of any item of income, gain, loss deduction or credit included in a partner's distributive share of gains and losses shall be the same as if such item was realized directly from the source from which realized or incurred by the partnership. In other words, each item of income, gain, loss, deduction or credit is treated as if it were realized or incurred by the partner directly from the source without ever having passed through the partnership. If this were not the case, then partners in real estate or other business ventures could not take advantage of depreciation write-offs and other operating expenses or losses.

Since the losses in question in the instant case were incurred by the taxpayer from out-of-state partnership interests, these losses retained the character of out-of-state losses when distributed to the taxpayer by reason of the "pass through" provision of § 12-7-300.

We think that *Seward* is controlling and refuse to recognize any meaningful difference between that case and the case now before us.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.