22309

J. M. PENDARVIS, Respondent, v. SOUTH CAROLINA TAX COMMISSION, Appellant.

(329 S. E. (2d) 766)

Supreme Court

---

[1] *See Arnold v. Arnold*, 328 S. E. (2d) 924 (S. C. App. 1985).

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Ronald W. Urban,* all of Columbia, *for appellant.*

*J. Reese Daniel,* of *Thomas, Windham, Daniel & Dial,* Columbia, *for respondent.*

Heard April 10, 1985.

Decided May 2, 1985.

CHANDLER, Justice:

The South Carolina Tax Commission (Commission) disallowed an income tax deduction claimed by J. M. Pendarvis (Taxpayer). Taxpayer paid the disputed amount and sued for refund pursuant to S. C. Code Ann. § 12-47-220 (1976 and Supp. 1984). The trial judge ordered a refund and Commission appeals.

We affirm as modified.

The facts were stipulated. Taxpayer is a car dealer in Edgefield. He purchased the copyrights to two movies for investment purposes, amortized their values and took a depreciation deduction on his 1977 income tax return.

## DEDUCTION

Commission argues Taxpayer's deduction is properly characterized as an ordinary business loss rather than amortization of a capital asset. We disagree.

This argument ignores the fundamental nature of copyright, confusing the intangible property rights thereunder with the tangible object thereby protected. *Michael Todd Company vs. County of Los Angeles*, 57 Cal. (2d) 684, 371 P. (2d) 340, 21 Cal. Rptr. 604 (1962). *See* 17 U.S.C. §§ 101, *et seq.* (Former 17 U.S.C. §§ 1, *et seq.*).

A copyright is intangible personal property. S. C. Code Ann. § 12-7-20 (6 and 7) (1976 and Supp. 1984). In the hands of Taxpayer, these copyrights are capital assets. S. C. Code Ann. § 12-7-670(3) (1976 and Supp. 1984). A taxpayer may deduct the amortized value of intangible capital assets. S. C. Code Ann. § 12-7-700(8) (as amended 1977); Treas. Reg. § 1.167(a)-3; *Twentieth Century-Fox Film Corp. v. C.I.R.*, 372 F. (2d) 281 (2d Cir. 1967). We hold this deduction was properly taken.

## ALLOCATION AND APPORTIONMENT

Commission further contends the deduction, if properly taken, should be allocated or apportioned to other states.

The situs of a copyright is the domicile of its holder. *Independent Film Distributors, Ltd. v. Chesapeake Industries, Inc.*, 148 F. Supp. 611 (S.D.N.Y. 1957). The principles of allocation and apportionment dictate that the entire amount be deducted in South Carolina. The statutes relied upon by Commission do not purport to either allocate or apportion this particular deduction. *See* S. C. Code Ann. §§ 12-7-1120 and 12-7-1140-1200 (1976 and Supp. 1984). The entire deduction is properly taken in this State.

## COSTS

The trial judge awarded Taxpayer the costs of his action. Recoverable costs are limited by S. C. Code Ann. § 12-47-270 (1976 and Supp. 1984) and only these costs shall be allowed.

## PURCHASE PRICE OF COPYRIGHT

The trial judge erroneously stated Taxpayer paid $80,000 for the copyright to "Jungle Man." The price stipulated was $100,000, and we modify the order to so read.

Accordingly, we affirm as modified.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.