22957

The SOUTH CAROLINA NATIONAL BANK, as Successor in interest by way of merger to the First National Bank of South Carolina, Appellant v. SOUTH CAROLINA TAX COMMISSION, Respondent.

(376 S. E. (2d) 512)

Supreme Court

*L. Henry McKellar,* Columbia, *for appellant.*

*Chief Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Deputy Atty. Gen. Ray N. Stevens,* Columbia, *for respondent.*

Heard Oct. 17, 1988.

Decided Feb. 6, 1989.

FINNEY, Justice:

South Carolina National Bank (SCN), the successor in interest by way of merger to First National Bank of South Carolina (FNB), instituted this action to recover $166,921.22 in taxes, penalties and interest assessed pursuant to a ruling by the South Carolina Tax Commission (Commission) that S. C. Code Ann. § 12-54-80(2) (Cum. Supp. 1986) should be retroactively applied. The Circuit Court upheld the Commission's ruling. We reverse.

A Commission audit of FNB tax returns for the quarters ending December 31, 1979 through December 31, 1984, found that FNB had underpaid its sales and use taxes by omitting more than twenty-five percent of its includable gross receipts. Notice of Assessment was issued on January 31, 1986. SCN paid the full assessment but protested the levy for all quarters ending prior to July 1, 1982.

SCN argues that collection of taxes for the period under protest was barred because the Commission failed to send notice of underpayment within three years as mandated by S. C. Code Ann. § 12-35-1370 (1976), which prevailed at the

time the returns were filed. The Commission contends that section 12-54-80(2), which became effective on September 1, 1985, should be applied retroactively to allow an assessment period of six years from the time the returns were filed.

The sole question for review is whether section 12-54-80(2) may be applied retroactively to validate an assessment which was untimely under section 12-35-1370.

The trial court held that *Hercules, Inc. v. South Carolina Tax Commission,* 274 S. C. 137, 262 S. E. (2d) 45 (1980), mandates retroactive application of section 12-54-80(2). We disagree. In *Hercules,* retroactive application of the subsequently enacted statute was appropriate because the prior statute specifically provided that failure to give the Commission notice of an IRS examination would suspend the limitations period. Furthermore, in *Hercules,* this Court specifically noted that "the taxes were not assessed within the three-year period provided by the statute of limitations ... [t]his circumstance would normally bar assessment."

Legislative intent governs whether a statute of limitations will have prospective or retrospective application. *Cannon v. Johnson, Lane, Space, Smith & Co., Inc.,* 460 F. Supp. 724 (D.S.C. 1978), *aff'd.,* 638 F. (2d) 12 (4th Cir. 1980). In ascertaining legislative intent, words must be given their plain and ordinary meanings. *Bryant v. City of Charleston,* 295 S. C. 408, 368 S. E. (2d) 899 (1988). Statutes are not to be applied retroactively unless that result is so clearly compelled as to leave no room for doubt. *Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123 (1978). In the enforcement of tax statutes, the taxpayer should receive the benefit in cases of doubt. *Cooper River Bridge v. S. C. Tax Comm.,* 182 S. C. 72 188 S. E. 508 (1936).

Section 12-54-80(2) of the South Carolina Code states:

> In the case of any tax administered by the Commission, if the taxpayer omits twenty-five percent of gross income, sales price, gross receipts, gross proceeds of sale, or gross estate property includable therein on any tax return *due to be filed* under provisions of law administered by the Commission, the tax may be assessed within six years after the return was filed. (Emphasis added)

A literal reading of the statute does not indicate that the legislature intended retroactive application. Although the Notice of Assessment was issued subsequent to the effective date of section 12-54-80(2), the tax quarters in controversy are for a period prior to the section's enactment. Thus, we conclude that section 12-54-80(2) does not apply to the returns at issue.

We find that section 12-35-1370 is applicable in this case. This section provides, in relevant part, as follows:

"... [E]very notice of an underpayment shall be mailed within three years after the last day of the calendar month following the period for which the amount is proposed for assessment or within three years after the day on which the return was filed ...."

The quarter ending June 30, 1982 is the final quarter for which SCN paid taxes under protest. Pursuant to section 12-35-1370, notice of underpayment should have been mailed before July 31, 1985.

Accordingly, we reverse the Circuit Court's order and hold that, in this instance, the Commission is barred from collecting taxes for the quarters prior to July 1, 1982. Further, the Commission is directed to refund taxes, penalties and interest paid by SCN under protest, plus interest pursuant to S. C. Code Ann. § 12-47-60 (1976).

Reversed.

CHANDLER, Acting C. J., TOAL, J., and LITTLEJOHN, Acting Associate Justice, concur.

HARWELL, J., not participating.