683 S.E.2d 468

SCANA CORPORATION and Subsidiaries, Respondent,

v.

SOUTH CAROLINA DEPARTMENT OF REVENUE, Appellant.

South Carolina Department of Revenue, Appellant,

v.

SCANA Corporation and Subsidiaries, Respondent.

No. 26511.

Supreme Court of South Carolina.

Heard May 28, 2008.
Re-filed Sept. 21, 2009.

Harry A. Hancock, Milton G. Kimpson, and Joe S. Dusenbury, Jr., of SC Department of Revenue, of Columbia, for Appellant.

C. Mitchell Brown and A. Mattison Bogan, both of Nelson Mullins Riley & Scarborough, of Columbia; John C. Von Lehe, Jr. and Andrea St. Amand, both of Nelson Mullins Riley & Scarborough, of Charleston, for Respondent(s).

Chief Justice TOAL.

In this appeal, we review the circuit court's order, which found that an investment tax credit earned by SCANA Corporation and Subsidiaries (SCANA) in 1996, could be carried forward and applied to SCANA's tax liability for the 1997 and 1998 tax years. The South Carolina Department of Revenue (the Department) appealed.

We reversed the decision of the circuit court in *SCANA Corporation and Subsidiaries v. South Carolina Department of Revenue*, Op. No. 26511, 2008 WL 2572595 (S.C. Sup.Ct. filed June 30, 2008) (Shearouse Adv. Sh. No. 27 at 34). Subsequently, we granted SCANA's petition for rehearing and withdrew our former opinion. We now substitute this opinion affirming the ruling of the circuit court.[1]

## FACTS AND PROCEDURAL HISTORY

The facts relevant to this appeal are uncontested by the parties. SCANA earned the investment tax credit at issue pursuant to the Economic Impact Zone Community Development Act of 1995 (The Act). 1995 S.C. Acts 138. The Act is codified as S.C.Code Ann. § 12–14–60. In pertinent part, S.C.Code Ann. § 12–14–60 states:

(A)(1) There is allowed an economic impact zone investment tax credit against the tax imposed pursuant to Chapter 6 of this title for any taxable year in which the taxpayer places

---

1. We note that, due to the retirement of Justice James E. Moore and the untimely passing of Acting Justice James W. Johnson, Jr., the panel on rehearing consists of two members who were not part of the original panel.

in service economic impact zone qualified manufacturing and productive equipment.

S.C.Code Ann. § 12–14–60(A)(1).

In 1996, SCANA placed in service certain qualifying equipment that earned it an Economic Impact Zone tax credit (EIZ credit) in the amount of $29,575,619. This EIZ credit far exceeded SCANA's tax liability for the 1996 tax year leaving $15,323,257 of the EIZ credit unused.

Originally, there was no provision in the Act which provided that the EIZ credit could be carried forward to subsequent tax years. Nonetheless, in 1997, the General Assembly enacted a carry-forward provision applicable to EIZ credits. 1997 S.C. Acts 151 § 8. This provision, which is codified at S.C.Code Ann. § 12–14–60(D), states that "[u]nused [EIZ] credit ... may be carried forward for ten years from the close of the tax year in which the credit was earned." The General Assembly provided that the carry-forward provision "is effective for tax years beginning after 1996." 1997 S.C. Acts 151 § 14.

SCANA applied the unused EIZ credit earned in 1996 to its 1997 and 1998 tax liability pursuant to S.C.Code Ann. § 12–14–60(D). However, the Department denied SCANA's carry-forward application of its EIZ credit because it was not earned in a tax year after 1996.

SCANA appealed to the Administrative Law Court (ALC). The ALC agreed with the Department's interpretation of S.C.Code Ann. § 12–14–60(D) and found that the carry-forward credit was properly denied because the EIZ credit was not earned in a tax year beginning after 1996. SCANA appealed to the circuit court, which reversed and held that the EIZ credit earned but not used by SCANA in 1996 may be applied to its tax liability for 1997 and 1998.

## ISSUE

May EIZ credit earned but not applied in 1996 be carried forward to offset tax liability in 1997 and 1998 pursuant to S.C.Code Ann. § 12–14–60(D)?

## DISCUSSION

■ Appellant argues that S.C.Code Ann. § 12–14–60 is ambiguous and the circuit court erred in construing the statute to allow SCANA to carry-forward the EIZ credit it earned, but was unable to use, in 1996. We disagree.

■ We find that the language of S.C.Code Ann. § 12–14–60(D) and its corresponding effective date are unambiguous. "[W]here a statute's language is plain and unambiguous, and conveys a clear and definite meaning ... the court has no right to impose another meaning." *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). Thus, the only proposition that is needed to resolve the instant case is this: in the 1997 and 1998 tax years, S.C.Code Ann. § 12–14–60(D) allowed unused EIZ credit to be carried forward beyond the close of the tax year in which the credit was earned.

As enacted in 1997, S.C.Code Ann. § 12–14–60(D) provided:

Unused credit allowed pursuant to this section may be carried forward for ten years from the close of the tax year in which the credit was earned.

S.C.Code Ann. § 12–14–60(D). This provision was "effective for tax years beginning after 1996." 1997 S.C. Acts 151 § 14.

SCANA earned the EIZ credit at issue in 1996 but was not able to take full advantage of it in the 1996 tax year. When SCANA prepared its tax information for the 1997 and 1998 tax years, the statutory law in effect provided that unused EIZ credit could be carried forward "ten years from the close of the tax year in which the credit was earned." S.C.Code Ann. § 12–14–60(D). That SCANA was justified in claiming the unused portion of its previously earned credit seems to follow rather directly from a straightforward application of the statute and its effective date. Thus, we discern no reasonable ambiguity here and hold that the straight-forward application of the statutory law at issue provides that SCANA may carry forward the EIZ credit it earned in 1996 to offset its tax liability for 1997 and 1998.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's decision.

WALLER, PLEICONES and KITTREDGE, JJ., concur. BEATTY, J., dissenting in a separate opinion.

Justice BEATTY:

I respectfully dissent. Because there are clearly divergent interpretations of section 12–14–60(D), I find the effective date language of the carry-forward provision is ambiguous and should be construed against SCANA. Accordingly, I would reverse the decision of the circuit court.

In view of the ambiguity, I believe an application of the rules of statutory construction is necessary to analyze the issue presented in this case. *See Kennedy v. S.C. Ret. Sys.,* 345 S.C. 339, 348, 549 S.E.2d 243, 247 (2001) ("Therefore, since the plain language of the statute lends itself to two equally logical interpretations, this Court must apply the rules of statutory interpretation to resolve the ambiguity and to discover the intent of the General Assembly. Where the language of an act gives rise to doubt or uncertainty as to legislative intent, the construing court may search for that intent beyond the borders of the act itself.").

The cardinal rule of statutory construction is to ascertain and effectuate the intent of the Legislature. *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." *Broadhurst v. City of Myrtle Beach Election Comm'n,* 342 S.C. 373, 380, 537 S.E.2d 543, 546 (2000). The Court should give words their plain and ordinary meaning, without resort to subtle or forced construction to limit or expand the statute's operation. *Sloan v. S.C. Bd. of Physical Therapy Exam'rs,* 370 S.C. 452, 469, 636 S.E.2d 598, 607 (2006).

Guided by these well-established rules of statutory construction, I would find the Legislature did not intend for unused

credit in 1996 to be carried forward to apply to 1997 tax liability.

The quintessential rule of statutory construction is to identify the intent of the Legislature in promulgating a specific statute. In order to do so in the instant case, it is instructive to delve into the evolution of section 12–14–60(D). *See Timmons v. S.C. Tricentennial Comm'n,* 254 S.C. 378, 402, 175 S.E.2d 805, 817 (1970) (noting that in determining the legislative intent, the Court may properly look at the legislative history of the statute).

The EIZ credit was first enacted in 1995. The provision in question was created by Act No. 151 on June 24, 1997. Act No. 151, 1997 S.C. Acts 825. This amendment specifies that the carry-forward provision is "effective for tax years beginning after 1996." S.C.Code Ann. § 12–14–60(D) (Supp.1997) (emphasis added). In view of this language, I believe the Legislature intended for the amendment to apply to the tax year of 1997 and subsequent tax years.

Before the effective date of Act No. 151 in 1997, a carry-forward provision did not exist. Inferentially, any unused tax credits in 1996 "expired" at the end of the 1996 tax year.[2] Because the carry-forward provision was not enacted until after the expiration of the 1996 tax credit at issue, I would find that it could not logically be carried forward to apply to 1997 tax liability. In other words, prior to 1997 there was no "unused credit." Instead, credit was limited to the extent of the tax liability for the year in which the credit accrued. Thus, once the credit was applied to the year's tax liability, any remaining credit expired or essentially ceased being in existence.

Although the above analysis focuses solely on the provision of Act No. 151 that specifically applies to section 12–14–60(D), a review of the entire Act is essential and lends support to the conclusion that the 1996 unused tax credit could not be applied in 1997. Cf. *Foothills Brewing Concern, Inc. v. City of Greenville,* 377 S.C. 355, 363, 660 S.E.2d 264, 268 (2008) (stating "[a] statute should not be construed by concentrating on an isolated phrase").

---

**2.** SCANA conceded this point at oral argument.

This Act contains thirteen separate legislative provisions. Notably, several of these provisions contain different effective dates which include retroactive dates. For example, Section 1, which applies to county sales and use tax, is effective "for sales or use made on or after December 1, 1992." Act No. 151, 1997 S.C. Acts 819. I believe the retroactivity of Section 1 is of significant import given the entire Act No. 151 containing this section was approved on June 24, 1997.

In light of the above-outlined legislative history, I believe the Legislature had it intended would have expressly provided for tax credits earned prior to 1996 to be carried forward. To find otherwise would be contrary to the intent of the Legislature given the other retroactive provisions in Act No. 151. *See Hercules, Inc. v. S.C. Tax Comm'n*, 274 S.C. 137, 143, 262 S.E.2d 45, 48 (1980) ("In the construction of statutes, there is a presumption that statutory enactments are to be considered prospective rather than retroactive in their operation unless there is a specific provision or clear legislative intent to the contrary.").

Finally, in cases involving a tax deduction, any ambiguity is resolved against the taxpayer.[3] *M. Lowenstein & Sons, Inc. v. S.C. Tax Comm'n*, 277 S.C. 561, 290 S.E.2d 812 (1982); *Davis Mech. Contractors, Inc. v. Wasson*, 268 S.C. 26, 231 S.E.2d 300 (1977); *C.W. Matthews Contracting Co. v. S.C. Tax Comm'n*, 267 S.C. 548, 230 S.E.2d 223 (1976); *S. Soya Corp. v. Wasson*, 252 S.C. 484, 167 S.E.2d 311 (1969). Moreover, I would note that the allowance of a tax credit is analogous to a tax deduction since both are a matter of legislative grace.[4]

---

**3.** This is contrary to the general rule that where substantial doubt exists as to the construction of tax statutes, the doubt must be resolved against the government. *See S.C. Nat'l Bank v. S.C. Tax Comm'n*, 297 S.C. 279, 376 S.E.2d 512 (1989) (noting taxpayer should receive the benefit in cases of doubt); *Cooper River Bridge v. S.C. Tax Comm'n*, 182 S.C. 72, 188 S.E. 508 (1936) (same); *Columbia Ry., Gas & Elec. Co. v. Carter*, 127 S.C. 473, 121 S.E. 377 (1924) (same); *State v. Charron*, 351 S.C. 319, 569 S.E.2d 388 (Ct.App.2002) (same (quoting *Columbia Ry., Gas & Elec. Co.*)).

**4.** I note the rule of construction in other jurisdictions is that because a tax credit is a matter of grace, it is strictly construed against the taxpayer. *See, e.g., Texasgulf, Inc. v. Comm'r of Internal Revenue*, 172 F.3d 209 (2d Cir.1999); *Team Specialty Prods., Inc. v. N.M. Taxation & Revenue Dep't*, 137 N.M. 50, 107 P.3d 4 (2004); *MacFarlane v. Utah*

Based on the foregoing, I would resolve the ambiguity here against the taxpayer and find the Department properly disallowed the carry-forward credit for EIZ credit earned in 1996.

*State Tax Comm'n,* 134 P.3d 1116 (Utah 2006); *Midland Fin. Corp. v. Wis. Dep't of Revenue,* 116 Wis.2d 40, 341 N.W.2d 397 (1983).