**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jimmy D. Meggs, Jr. #277400, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2017-000232

---

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

---

Unpublished Opinion No. 2019-UP-117
Submitted February 1, 2019 – Filed March 27, 2019

---

**AFFIRMED**

---

Jimmy D. Meggs, Jr., pro se.

Christina Catoe Bigelow, of the South Carolina Department of Corrections, of Columbia, for Respondent.

---

**PER CURIAM:** Jimmy Meggs, Jr. appeals the final order of the Administrative Law Court (ALC) affirming the decision of the South Carolina Department of Corrections (the Department) to deny Meggs's grievance. On appeal, Meggs argues (1) he is entitled to credit for the time he spent on house arrest due to the 2013 amendment to section 24-13-40 of the South Carolina Code (Supp. 2018) and

(2) the Department violated his rights to due process and equal protection of the law.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Meggs's argument that he is entitled to credit for the time he spent on house arrest: S.C. Code Ann. § 1-23-610(B)(d) (Supp. 2018) ("The review of the [ALC]'s order must be confined to the record. . . .  The court of appeals may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is . . . affected by other error of law . . . ."); *Neel v. Shealy*, 261 S.C. 266, 273, 199 S.E.2d 542, 545 (1973) ("In the construction of statutes[,] there is a presumption that statutory enactments are to be considered prospective rather than retrospective in their operation unless the intention to make them retrospective is clearly apparent from the terms thereof."); *S.C. Nat'l Bank v. S.C. Tax Comm'n*, 297 S.C. 279, 281, 376 S.E.2d 512, 513 (1989) ("Statutes are not to be applied retroactively unless that result is so clearly compelled as to leave no room for doubt."); *Tant v. S.C. Dep't of Corr.*, 408 S.C. 334, 346, 759 S.E.2d 398, 404 (2014) ("[T]he Department is confined to an unambiguous sentencing sheet in determining an inmate's sentence . . . ."); *id*. at 341 n.2, 759 S.E.2d at 401 n.2 ("[T]he Department performs an administrative function in recording an inmate's sentence . . . .  The Department has no independent sentencing authority . . . .").

As to Meggs's argument that his rights to due process and equal protection of the law were violated: *Home Med. Sys., Inc. v. S.C. Dep't of Revenue*, 382 S.C. 556, 562, 677 S.E.2d 582, 586 (2009) ("As in other appellate matters, [this court] require[s] issue preservation in administrative appeals."); *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.