705 S.E.2d 432

Deborah J. WIEGAND, individually, and as Personal Representative of the Estate of Vincent Carroll Wiegand, Respondent,

v.

UNITED STATES AUTOMOBILE ASSOCIATION, Appellant.

No. 26919.

Supreme Court of South Carolina.

Heard Nov. 18, 2010.

Decided Jan. 31, 2011.

160

William O. Sweeny, III, Esquire & William R. Calhoun, Jr., both of Sweeny Wingate & Barrow, PA, of Columbia, for Appellant.

Samuel Darryl Harms, of Harms Law Firm, PA, of Greenville, for Respondent.

Justice HEARN.

We are asked to determine whether United States Automobile Association (USAA) made a meaningful offer of underinsured motorist coverage (UIM coverage) to Vincent Wiegand (Wiegand), who was killed in a car accident after multiple years of insurance coverage from USAA. Because we believe that USAA met its burden with regards to Section 38–77–350 of the South Carolina Code (1997), we reverse.

## FACTUAL BACKGROUND

Wiegand was driving home from work when he was hit head-on and killed by a drunk driver. The drunk driver was at-fault and only had $50,000.00 in available liability insurance. While those policy limits were paid to Wiegand, his damages greatly exceeded the limits of the drunk driver's policy. Beginning in 1980, Wiegand's cars had been insured with USAA.

After the first ten years of receiving automobile insurance coverage from USAA, Wiegand received a form entitled "Offer of Optional Additional Uninsured and Underinsured Automo-

bile Insurance Coverages." It is undisputed that Wiegand signed the form, but the parties disagree over who actually completed the form: Wiegand or another person. Regardless of who completed the form, next to the question "do you wish to purchase underinsured motorist coverage," the box marked "no" was checked. The form contained the following pertinent language:

> Underinsured motorist coverage compensates you, or other persons insured under your automobile insurance policy, including passengers within your motor vehicle, for amounts that you, or your passengers, may be legally entitled to collect as damages from an owner or operator of an at-fault underinsured motor vehicle. An underinsured motor vehicle is a motor vehicle that is covered by some form of liability insurance, but that liability insurance coverage is not sufficient to fully compensate you for your damages. His policy pays the limits first, then yours pays the lessor of (1) the remaining loss, or (2) your UIM limits.

> Your automobile insurance policy does not provide any underinsured motorist coverage. You have, however, a right to buy underinsured motorist coverage in limits up to the limits of liability coverage you carry under your automobile insurance policy. Limits of underinsured motorist coverage, together with the additional premiums you will be charged, are shown upon this form.

> . . . .

> In the future, if you wish to increase or to decrease your limits of additional uninsured or underinsured coverage, you must then contact us.

From 1990 to 2004, Wiegand had continuous USAA coverage. Wiegand's policy with USAA at the time of the accident had liability limits of $25,000.00 per person and $50,000.00 per accident. USAA paid Wiegand's estate $26,000.00 for personal injury protection benefits, and seatbelt and airbag benefits.

Deborah J. Wiegand (Wife), individually and as personal representative of Wiegand's estate, commenced this action against USAA to recover UIM benefits for the damages in excess of the amounts tendered by the other driver. Wife sought reformation of the policy to include UIM coverage in

the same limits as the liability coverage. Both parties filed motions for summary judgment.

The circuit court granted Respondent's motion for summary judgment, finding USAA had not made a meaningful offer of UIM coverage to Wiegand. This appeal followed.

## ISSUES

USAA raises three issues on appeal:

1. Did the circuit court err in failing to give USAA the benefit of the conclusive presumption that the UIM offer was meaningful based on section 38–77–350?

2. Did the circuit court err in holding that a meaningful offer of UIM coverage was not made to Wiegand as required by *State Farm Mutual Automobile Insurance v. Wannamaker*, 291 S.C. 518, 354 S.E.2d 555 (1987)?

3. Did the circuit court err in declining to hold that Wiegand waived his right to claim UIM benefits by specifically declining the limit of coverage to which the circuit court reformed the policy and by refusing to purchase UIM coverage?

## LAW AND ANALYSIS

 Where cross motions for summary judgment are filed, the parties concede the issue before us should be decided as a matter of law. Whether a form complies with the requirements of section 38–77–350(A) is a question of law for this Court. *See Grinnell Corp. v. Wood*, 389 S.C. 350, 357 n. 3, 698 S.E.2d 796, 799 n. 3 (2010). "Questions of law may be decided with no particular deference to the trial court." *S.C. Dep't of Transp. v. M & T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 654, 667 S.E.2d 7, 12 (Ct.App.2008); *see also Moriarty v. Garden Sanctuary Church of God*, 341 S.C. 320, 327, 534 S.E.2d 672, 675 (2000). USAA contends that under either section 38–77–350(A) or *Wannamaker*, a meaningful offer of UIM coverage was made to Wiegand. Wife contends that USAA cannot meet its burden under either the statute or *Wannamaker* to prove that a meaningful offer was made, and in addition, cannot take advantage of the presumption found in section 38–77–350(B). We agree with USAA that a meaning-

ful offer was made and reverse the circuit court's grant of summary judgment.

■ The General Assembly, in response to *Wannamaker*, passed an act, codified as section 38–77–350, establishing requirements for forms offering UIM coverage. *See* Automobile Insurance Reform Act of 1989, § 22. Section 38–77–350(A) mandates the director of the Department of Insurance or his designee to approve a form, which at a minimum, must provide:

(1) A brief and concise explanation of the coverage;

(2) A list of all available limits and the range of premiums for the limits; ·

(3) A space for the insured to mark whether the insured chooses to accept or reject the coverage and a space for the insured to select the limits of coverage he desires;

(4) A space for the insured to sign the form which acknowledges that he has been offered the optional coverages; and

(5) The mailing address and telephone number of the Insurance Department which the applicant may contact if the applicant has any questions that the insurance agent is unable to answer.[1]

■ This form must be used by insurers in offering optional coverages. *See id.* It is important to note "[f]ailure to comply with section 38–77–350(A) does not automatically require judicial reformation of a policy. Rather, even where an insurer is not entitled to the presumption [in section 37–77–350(B) ] that it made a meaningful offer, it may prove the sufficiency of its offer by showing that it complied with *Wannamaker*." *See Grinnell Corp.*, 389 S.C. at 357, 698 S.E.2d at 799–800 (citing *Croft v. Old Republic Ins. Co.*, 365 S.C. 402, 420, 618 S.E.2d 909, 918 (2005)).

USAA's form contains a brief and concise explanation of UIM coverage on the first page, detailing in one paragraph what UIM coverage pays for, who gets compensated, and what

---

1. The version of section 38–77–350(A) in effect at the time of USAA's offer to Vincent contained the same language, except that "Chief Insurance Commissioner" was listed instead of "the director of the Department of Insurance or his designee."

"underinsured motor vehicle" means. The form contains every UIM limit which USAA was approved to sell by the Department of Insurance, along with specific language on how to decrease or increase UIM coverage. There was a space for Wiegand to mark whether he chose to accept or reject coverage, select the limits of coverage he desired, and sign the form acknowledging he had been offered optional coverage. Finally, the form contained the mailing address and telephone number of the Department of Insurance.

■ Additionally, USAA's form was approved by the appropriate entity in January 1990. While approval alone is not dispositive of whether a form meets section 38–77–350(A)'s requirements, *see Progressive Casualty Insurance Co. v. Leachman*, 362 S.C. 344, 608 S.E.2d 569 (2005), we believe it lends support to the view that USAA satisfied the requirements. Therefore, we conclude that USAA met section 38–77–350(A)'s requirements and now turn to whether USAA can take advantage of the presumption in section 38–77–350(B).

■ Section 38–77–350(B) provides a conclusive presumption of informed selection in favor of the insurer if specific criteria are met once the form is found to be in compliance with (A). Wiegand signed the form in 1990. Because of the presumption against retroactivity of statutes, our analysis will only deal with the section as it existed in 1990.[2] In that version of the statute, the insured must have properly completed and executed the form. *See* S.C.Code Ann. § 38–77–350(B) (1990). The insurer has the burden of establishing that the requirements have been met in order to take advantage of the presumption. *See Floyd v. Nationwide Mut. Ins. Co.*, 367 S.C. 253, 262–63, 626 S.E.2d 6, 12 (2005).

■ Contrary to the circuit judge's finding, USAA presented sufficient evidence to show that Wiegand both completed and executed the form. The offer form was processed by

---

2. In 2006, the statute was amended so that the presumption applies if the form was completed by an insurance producer or representative of the insurer and the insured only signed the form. *See* S.C.Code Ann. § 38–77–350(B) (Supp.2009). At oral argument, Wife conceded that under this version of the statute, USAA would be entitled to the presumption.

USAA and never returned to Wiegand to complete, which it would have been if the form was not completed correctly. Wiegand signed the bottom of the form indicating whether he wished to purchase coverage and signed his name under the check marks, which were similar to check marks made by Wiegand on similar forms. Wiegand was insured by USAA from 1990 to 2005 with annual reports sent from USAA that stated no UIM coverage was applicable to his vehicles; Wiegand never informed USAA that a mistake had been made and he actually wanted UIM coverage.

Wife argues that USAA cannot meet its burden because no one can testify who checked the "no" boxes on the form signed by Wiegand. While this is true, nothing in the statutes, rules, or case law requires direct evidence as to who checked the boxes for the burden to be met. It is enough that Wiegand signed the acknowledgment which included the sentence "I have indicated whether or not I wish to purchase each coverage in the space provided" along with the other evidence mentioned above to find that USAA met its burden. We hold USAA can take advantage of the presumption found in section 38-77-350(B), and that a meaningful offer was made to Wiegand.

Because we find the matter dispositive on the issue of meaningful offer under the statute, we decline to address the remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999). Therefore, we reverse the circuit court's grant of summary judgment in favor of Wife and remand the case to the circuit court to enter judgment in accordance with this opinion.

**REVERSED.**

Acting Chief Justice PLEICONES, KITTREDGE, J., and Acting Justices JAMES E. MOORE and J. ERNEST KINARD, concur.