**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Field House Properties, Appellant,

v.

South Carolina Department of Revenue, Respondent.

Appellate Case No. 2012-209307

Appeal From The Administrative Law Court
Shirley Robinson, Administrative Law Judge

Unpublished Opinion No. 2013-UP-111
Submitted February 1, 2013 – Filed March 13, 2013

**AFFIRMED**

Joseph Preston Strom, Jr., and John R. Alphin, both of Strom Law Firm, LLC, of Columbia, for Appellant.

Benjamin John Tripp, Sean Gordon Ryan, Milton Gary Kimpson, and Harry T. Cooper, Jr., all of the South Carolina Department of Revenue, of Columbia, for Respondent.

**PER CURIAM:**  This appeal involves a dispute as to whether real property subdivided into parking spaces for sale is exempt from property tax as inventory.

The Administrative Law Court (the ALC) granted summary judgment for Respondent South Carolina Department of Revenue (the Department). On appeal, Appellant Field House Properties (Field House) argues it was entitled to a property tax exemption for its subdivided parking spaces because (1) the legislature drew no distinction between real and personal property in section 12-37-220(B)(30) of the South Carolina Code (2000), and (2) federal income tax treatment provides for the exemption. We find no error of law in the ALC's decision and we find the decision to be supported by substantial evidence of record; therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Alltel Commc'ns, Inc. v. S.C. Dep't of Revenue*, 399 S.C. 313, 316, 731 S.E.2d 869, 870-71 (2012) ("A reviewing court may reverse the decision of the ALC where it is in violation of a statutory provision or it is affected by an error of law."); *Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 163, 705 S.E.2d 432, 434 (2011) ("Where cross motions for summary judgment are filed, the parties concede the issue before us should be decided as a matter of law."); *S.C. Dep't of Revenue v. Sandalwood Soc. Club*, 399 S.C. 267, 277, 731 S.E.2d 330, 335 (Ct. App. 2012) (noting an appellate court may reverse the order of the ALC if the appellant's substantial rights have been prejudiced because the administrative decisions are "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record").

**AFFIRMED.**[1]

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.