**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Palmetto Youth Academy Charter School, Respondent,

v.

Florence County School District 1 Board of Trustees, Appellant.

Appellate Case No. 2012-212001

---

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

---

Unpublished Opinion No. 2013-UP-460
Heard October 9, 2013 – Filed December 11, 2013

---

### AFFIRMED

---

D. Laurence McIntosh, of McIntosh Law Office, of Florence, for Appellant.

Samuel M. Mokeba, of Baker, Ravenel & Bender, L.L.P., and Jenny Draffin Smith, both of Columbia, for Respondent.

---

**PER CURIAM:** This appeal arises out of the revocation of Respondent Palmetto Youth Academy Charter School's (PYA) charter by Appellant Florence County

School District 1 Board of Trustees (the Board).  PYA appealed the decision of the Board to the Administrative Law Court (ALC), which reversed.  On appeal, the Board argues the ALC erred by finding the Board acted in an arbitrary and capricious manner and exercised an abuse of discretion by revoking PYA's charter. We find no error of law in the ALC's decision, and we find the decision to be supported by substantial evidence of record; therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Alltel Commc'ns, Inc. v. S.C. Dep't of Revenue*, 399 S.C. 313, 316, 731 S.E.2d 869, 870-71 (2012) ("A reviewing court may reverse the decision of the ALC where it is in violation of a statutory provision or it is affected by an error of law."); *Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 384 S.C. 457, 464, 682 S.E.2d 795, 799 (2009) ("The ALC's order should be affirmed if supported by substantial evidence in the record."); *Murphy v. S.C. Dep't of Health & Envtl. Control*, 396 S.C. 633, 639, 723 S.E.2d 191, 194-95 (2012) ("When finding substantial evidence to support the ALC's decision, the Court need only determine that, based on the record as a whole, reasonable minds could reach the same conclusion.").

**AFFIRMED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**