**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Transportation, Appellant,

v.

RI CS5, LLC, Respondent,

and

Worsley Operating Corporation, a North Carolina Corporation, Lessee, and Berkeley County Treasurer's Office, Lien Holder, Other Condemnees.

Appellate Case No. 2013-000394

———————

Appeal From Berkeley County
Robert E. Watson, Master-in-Equity

———————

Unpublished Opinion No. 2014-UP-248
Heard May 7, 2014 – Filed June 25, 2014

———————

**AFFIRMED**

———————

Beacham O. Brooker, Jr., of the South Carolina Department of Transportation, of Columbia, and John Samuel West, of the West Law Firm, of Moncks Corner, both for Appellant.

Paul A. Dominick and Jeffrey Scott Tibbals, Sr., both of Nexsen Pruet, LLC, of Charleston, for Respondent.

---

**PER CURIAM:**  In this condemnation action, the South Carolina Department of Transportation ("Condemnor") appeals the circuit court's award of litigation expenses to RI CS5, LLC ("Landowner") as the prevailing party, arguing the master-in-equity erred in (1) interpreting the provisions of section 28-2-510(B)(1) of the South Carolina Code (Supp. 2013) when awarding litigation expenses to Landowner; (2) declining to reduce the award of litigation expenses based upon Condemnor's position being "substantially justified"; (3) declining to reduce the award of litigation expenses based upon "special circumstances"; and (4) determining the hourly rate for the Landowner's attorney's fees was reasonable. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Condemnor's argument regarding the master-in-equity's interpretation of section 28-2-510(B)(1): *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 369 S.C. 150, 153, 631 S.E.2d 533, 535 (2006) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *Alltel Commc'ns, Inc. v. S.C. Dep't of Revenue*, 399 S.C. 313, 320-21, 731 S.E.2d 869, 873 (2012) ("'Under the plain meaning rule, it is not the province of the court to change the meaning of a clear and unambiguous statute.'" (quoting *S.C. Energy Users Comm. v. S.C. Pub. Serv. Comm'n*, 388 S.C. 486, 491, 697 S.E.2d 587, 590 (2010))); § 28-2-510(B)(1) ("The court, *in its discretion, may* reduce the amount to be awarded pursuant to this section, or deny an award, . . . to the extent the court finds that the position of the [C]ondemnor was substantially justified or that special circumstances make an award unjust." (emphasis added)); *Kennedy v. S.C. Ret. Sys.*, 345 S.C. 339, 352-53, 549 S.E.2d 243, 250 (2001) ("The use of the word 'may' signifies permission and generally means that the action spoken of is optional or discretionary unless it appears to require that it be given any other meaning in the present statute.").

2.  As to Condemnor's argument regarding its position being "substantially justified": § 28-2-510(B)(1) ("The court, *in its discretion, may* reduce the amount to be awarded pursuant to this section, or deny an award, . . . to the extent the court finds that the position of the [C]ondemnor was substantially justified . . . ." (emphasis added)); *Kiriakides v. Sch. Dist. of Greenville Cnty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009) ("The decision to award or deny attorneys' fees under a

state statute will not be disturbed on appeal absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the [master-in-equity] are either controlled by an error of law or are based on unsupported factual conclusions.").

3. As to Condemnor's argument regarding "special circumstances": *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to *and ruled on* by the [master-in-equity]." (emphasis added)); *id.* at 24, 602 S.E.2d at 780 ("A party *must* file [a Rule 59(e)] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

4. As to Condemnor's argument regarding the reasonableness of Landowner's attorney's fees: *Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997) (holding the following six factors should be considered when determining a reasonable attorney's fee: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services."); *Kiriakides*, 382 S.C. at 20, 675 S.E.2d at 445 ("[T]he specific amount of attorney['s] fees awarded pursuant to a statute authorizing reasonable attorney['s] fees is left to the discretion of the [master-in-equity] and will not be disturbed absent an abuse of discretion.").

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**