**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

McGuinn Construction Management, Inc., Respondent,

v.

Saul Espino and Mara Espino, Petitioners.

And

Saul Espino and Mara Espino, Petitioners,

v.

Gates Commons, LLC, S. Wade McGuinn, Individually, and Town of Lexington, Defendants,

Of whom Town of Lexington is the Respondent.

Appellate Case No. 2016-001291

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

Appeal from Lexington County
James W. Johnson Jr., Circuit Court Judge,
William P. Keesley, Circuit Court Judge

Memorandum Opinion No. 2018-MO-030
Heard April 17, 2018 – Filed August 29, 2018

**REVERSED**

Andrew A. Aun, of Aun & McKay, PA, of Irmo, and Blake A. Hewitt, of Bluestein Thompson Sullivan, LLC, of Columbia, for Petitioner.

S. Jahue Moore, and John Calvin Bradley Jr., of Moore Taylor Law Firm, P.A., of West Columbia, and Andrew F. Lindemann, of Lindemann, Davis & Hughes, PA, of Columbia, for Respondents.

**PER CURIAM:** This is a consolidated action primarily concerning the scope of a sewer easement across Petitioner's property. In 2005, McGuinn Construction Management, Inc., brought an action (the McGuinn action) against Petitioners for declaratory relief concerning the scope of the easement and also for slander of title and tortious interference with contract. McGuinn and Petitioners filed cross motions for summary judgment. The circuit court granted summary judgment to Petitioners in 2008. McGuinn moved for reconsideration. Later in 2008, Petitioners commenced an action against the Town of Lexington (the Town action) for negligence, gross negligence, slander of title, regulatory taking, trespass, and conversion. That action is still pending in the circuit court. While McGuinn's motion for reconsideration was still pending, the circuit court granted the Town's motion to consolidate both actions. In its order denying McGuinn's motion for reconsideration, the circuit court specifically noted it was not making a determination as to whether the Town was bound by the grant of summary judgment to Petitioners in the McGuinn action. In an unpublished decision, the court of appeals reversed the grant of summary judgment in the McGuinn action and remanded the McGuinn action and the Town action back to the circuit court. *McGuinn Const. Mgmt., Inc. v. Espino*, Op. No. 2016-UP-138 (S.C. Ct. App. filed Mar. 23, 2016). This remand placed both actions in the circuit court for trial.

In the McGuinn action, we reverse the court of appeals and reinstate the circuit court's grant of summary judgment regarding the scope of the sewer easement and regarding McGuinn's claims for slander of title and tortious interference with a contract. We do so pursuant to Rule 220(b), SCACR, and the following authorities: *Hancock v. Mid-South Mgmt. Co., Inc.*, 381 S.C. 326, 329, 673 S.E.2d 801, 802 (2009) ("Summary judgment is appropriate where there is no genuine issue of

material fact and it is clear the moving party is entitled to a judgment as a matter of law."); *id.* at 329-30, 673 S.E.2d at 802 ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) ("An appellate court reviews the granting of summary judgment under the same standard applied by the trial court under Rule 56(c), SCRCP."); *Mead v. Beaufort Cty. Assessor*, 419 S.C. 125, 131, 796 S.E.2d 165, 168 (Ct. App. 2016) ("[C]ross motions for summary judgments do authorize the court to assume that there is no evidence which needs to be considered other than that which has been filed by the parties.") (quoting *Alltel Commc'ns, Inc. v. S.C. Dep't of Revenue*, 399 S.C. 313, 319 n.2, 731 S.E.2d 869, 872 n.2 (2012)); *Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 163, 705 S.E.2d 432, 434 (2011) ("Where cross motions for summary judgment are filed, the parties concede the issue before [the court] should be decided as a matter of law."); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing when the disposition of a prior issue is dispositive of an appeal, an analysis of the remaining issues is unnecessary).

Petitioners acknowledged at oral argument that the Town action is not before this Court and that there has been no ruling as to whether the circuit court order in the McGuinn action is binding on the Town. The Town action will be tried before the circuit court. *See Ellis by Ellis v. Oliver*, 307 S.C. 365, 367, 415 S.E.2d 400, 401 (1992) ("Under a consolidation order, the parties and the pleadings are not merged and each action retains its own identity.").

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**