**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jack Powell, Appellant,

v.

Knology of Charleston, Inc., Respondent.

Appellate Case No. 2016-001035

———————————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2019-UP-060
Submitted January 1, 2019 – Filed February 6, 2019

———————————

**AFFIRMED**

———————————

Jack Powell, of Mount Pleasant, pro se.

Benjamin B. Davis and Helen F. Hiser, both of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondent.

———————————

**PER CURIAM:** Jack Powell appeals the circuit court's grant of summary judgment to Knology of Charleston, Inc. (Knology), arguing the court erred (1) by denying his motion for recusal, (2) in its handling of discovery issues, and (3) by

granting summary judgment.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."); *Wright v. Craft*, 372 S.C. 1, 20, 640 S.E.2d 486, 497 (Ct. App. 2006) (ruling an issue "listed in [the] statement of issues on appeal" but not addressed in the brief was abandoned).

As to Issue 2: *Stokes-Craven Holding Corp. v. Robinson*, 416 S.C. 517, 536, 787 S.E.2d 485, 495 (2016) ("A trial court's rulings in matters related to discovery generally will not be disturbed on appeal in the absence of a clear abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's order is controlled by an error of law or when there is no evidentiary support for the trial court's factual conclusions."); *Wilson v. Walker*, 340 S.C. 531, 538 n.2, 532 S.E.2d 19, 22 n.2 (Ct. App. 2000) ("[D]ue process requires that a litigant be placed on notice of the issues [that] the court will consider to afford the litigant an opportunity to be heard.").

As to Issue 3: *BPS, Inc. v. Worthy*, 362 S.C. 319, 324, 608 S.E.2d 155, 158 (Ct. App. 2005) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard [that] governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."); *Hall v. Fedor*, 349 S.C. 169, 175, 561 S.E.2d 654, 657 (Ct. App. 2002) ("Our appellate courts have interpreted Rule 56(e) to mean materials used to support or refute a motion for summary judgment must be those [that] would be admissible in evidence."); *Alltel Commc'ns, Inc. v. S.C. Dep't of Revenue*, 399 S.C. 313, 319 n.2, 731 S.E.2d 869, 872 n.2 (2012) ("[C]ross[-]motions for summary judgment[] . . . authorize the court to assume that there is no evidence [that] needs to be considered other than that which has been

---

[1] In his brief to this court, Powell raises thirteen interrelated issues.  After a thorough review of the arguments in Powell's brief, we have consolidated the issues into the three presented here.

filed by the parties."  (first alteration by court) (quoting *Harrison W. Corp. v. Gulf Oil Co.*, 662 F.2d 690, 692 (10th Cir. 1981))); *Chakrabarti v. City of Orangeburg*, 403 S.C. 308, 314, 743 S.E.2d 109, 112 (Ct. App. 2013) ("A plaintiff must prove three elements to recover on a claim for negligence: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach."); *Solanki v. Wal-Mart Store No. 2806*, 410 S.C. 229, 237, 763 S.E.2d 615, 619 (Ct. App. 2014) ("Negligence is the failure to exercise due care, while gross negligence is the failure to exercise slight care."); *Doe v. Bishop of Charleston*, 407 S.C. 128, 139, 754 S.E.2d 494, 500 (2014) ("An employer may be liable for negligent supervision when (1) his employee intentionally harms another when he is on the employer's premises, is on premises he is privileged to enter only as employee, or is using the employer's chattel; (2) the employer knows or has reason to know he has the ability to control the employee; and (3) the employer knows or has reason to know of the necessity and opportunity to exercise such control."); *Pye v. Estate of Fox*, 369 S.C. 555, 569, 633 S.E.2d 505, 512 (2006) (affirming summary judgment in favor of a defendant because the plaintiffs "failed to offer evidence on all of the elements of" their claim).

**AFFIRMED.**[2]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.