**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Donna Bell Sellers, a/k/a Donna Bell Peclet, Appellant,

v.

Grover Seaton, III, Respondent.

Appellate Case No. 2021-000420

———————

Appeal From Berkeley County
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-246
Submitted April 1, 2022 – Filed June 8, 2022

———————

**AFFIRMED**

———————

Oscar W. Bannister, of Bannister, Wyatt & Stalvey, LLC, of Greenville, for Appellant.

Michael B. McCall, of Earhart Overstreet, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** Donna Bell Sellers appeals the circuit court's order granting summary judgment to Grover Seaton, III. On appeal, Sellers argues the circuit court erred by failing to find she presented a question of fact regarding whether Seaton misrepresented to her that she was being legally divorced from her first husband, Carroll W. Sellers, Jr. (Husband). We affirm.

Initially, Sellers conceded there was no factual dispute because the parties filed a joint stipulation of facts, and Sellers filed a cross-motion for summary judgment, which stated there was no genuine issue of material fact. *See Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 163, 705 S.E.2d 432, 434 (2011) ("Whe[n] cross[-]motions for summary judgment are filed, the parties concede the issue before us should be decided as a matter of law." (alterations in original)); *Alltel Commc'ns, Inc. v. S.C. Dep't of Revenue*, 399 S.C. 313, 319 n.2, 731 S.E.2d 869, 872 n.2 (2012) (noting "the parties filed cross[-]motions for summary judgment, thereby indicating the parties' belief that further development of the facts was unnecessary"). Thus, Sellers conceded there was no factual dispute and the issue should be decided as a matter of law.

Additionally, we hold the circuit court did not err by granting summary judgment in Seaton's favor. *See Companion Prop. & Cas. Ins. Co. v. Airborne Express, Inc.*, 369 S.C. 388, 390, 631 S.E.2d 915, 916 (Ct. App. 2006) ("Summary judgment should be affirmed if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."). Both negligent misrepresentation and fraud require a showing that Seaton made a false representation to Sellers. *See AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 222, 420 S.E.2d 868, 874 (Ct. App. 1992) (providing one of the elements a plaintiff must show to establish a claim for negligent misrepresentation is a false statement made by the defendant to the plaintiff); *Cowburn v. Leventis*, 366 S.C. 20, 36, 619 S.E.2d 437, 446 (Ct. App. 2005) (providing one of the elements a plaintiff must show to establish a claim for fraud is a false statement). However, in the Joint Stipulation of Facts, the parties stipulated Seaton never spoke to or communicated with Sellers in connection with the divorce, and Sellers never sought or received any advice or representation from Seaton. Thus, Sellers's causes of action fail as a matter of law.

Further, to the extent Sellers argues Seaton is liable for legal advice he allegedly gave to Husband, this argument also fails as a matter of law because Sellers was not in privity with Seaton. *See Gaar v. N. Myrtle Beach Realty Co.*, 287 S.C. 525, 529, 339 S.E.2d 887, 889 (Ct. App. 1986) ("In his professional capacity the attorney is not liable, except to his client and those in privity with his client, for injury allegedly arising out of the performance of his professional activities."). Although Sellers argues *Fabian v. Lindsay*[1] supports her pursuit of a cause of action against Seaton, *Fabian* only created a very narrow exception to the

---

[1] 410 S.C. 475, 765 S.E.2d 132 (2014).

traditional privity requirements for third-party beneficiaries to pursue a legal malpractice action against a lawyer only when it involved will or estate documents. Accordingly, we affirm the grant of summary judgment in Seaton's favor.

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.