**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Steven Charles Poletti, Appellant,

v.

Charleston County Assessor, Respondent.

Appellate Case No. 2022-000980

Appeal From The Administrative Law Court
Robert Lawrence Reibold, Administrative Law Judge

Unpublished Opinion No. 2025-UP-028
Submitted November 1, 2024 – Filed January 29, 2025

**AFFIRMED**

Giampiero Diminich, Felix Chisolm Pelzer, Jr., and Nicholas Clarence Chapman Stewart, all of Shumaker Loop & Kendrick, LLP, of Charleston, for Appellant.

Kevin Michael DeAntonio and Bernard E. Ferrara, Jr., both of Charleston County Attorney's Office, of North Charleston; and Brittney Marie Darnell, of Gordon & Rees, LLP, of Charleston, all for Respondent.

**PER CURIAM:** Steven Charles Poletti appeals an order of the Administrative Law Court (the ALC) finding his dwelling on a neighboring property did not

qualify for the legal residence special tax assessment of four percent (the four percent tax rate) pursuant to section 12-43-220(c)(1) of the South Carolina Code (Supp. 2024). On appeal, Poletti argues the ALC erred in (1) interpreting section 12-43-220(c)(1) as requiring the five contiguous acres to exist on the same parcel, have the same address, or have the same tax map identification number; (2) granting summary judgment in favor of the Charleston County Assessor (the Assessor) because there was an issue of material fact concerning Sullivan's Island's ordinance against the combination of adjoining property lots; (3) violating his equal protection rights in its interpretation of section 12-43-220(c)(1); and (4) finding section 12-43-220(c)(1) was a tax exemption statute instead of a tax classification statute. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the ALC did not err in interpreting section 12-43-220(c)(1) as requiring the five contiguous acres to exist on the same parcel, have the same address, or have the same tax map identification number. *See CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 73, 716 S.E.2d 877, 880 (2011) ("Tax appeals to the ALC are subject to the Administrative Procedures Act (APA)."); *id.* at 74, 716 S.E.2d at 881 (explaining the appellate court reviews ALC decisions for errors of law); *id.* ("Questions of statutory interpretation are questions of law, which [the appellate court is] free to decide without any deference to the court below."); *Mead v. Beaufort Cnty. Assessor*, 419 S.C. 125, 130, 796 S.E.2d 165, 168 (Ct. App. 2016) ("The purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder."); *id.* at 131, 796 S.E.2d at 168 (explaining that when cross motions for summary judgment have been filed, the court assumes there is no evidence to consider which has not already been filed by the parties); *Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 163, 705 S.E.2d 432, 434 (2011) ("Where cross motions for summary judgment are filed, the parties concede the issue before us should be decided as a matter of law."). The Manda Moore Poletti Qualified Personal Residence Trust, of which Poletti was the primary beneficiary, owned the main property and Poletti owned the neighboring property; the main property was Poletti's legal residence and domicile. The main property and the neighboring property were separate properties with different addresses and tax map identification numbers. We find the five contiguous acres must have the same address as the legal residence pursuant to section 12-43-220(c)(2)(i) of the South Carolina Code (Supp. 2024), because the statute explicitly provides that "the owner-occupant must have actually owned and occupied the residence as his legal residence and been domiciled *at that address* for some period during the applicable tax year." (emphasis added). Therefore, additional structures are not located on the same property as the legal residence and five contiguous acres if the additional structures do not have the

same address as the legal residence. Accordingly, Poletti was not entitled to the four percent tax rate on the neighboring property because (1) it was not his legal residence and domicile, and (2) it did not share the same address as his legal residence and domicile. *See Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *id.* ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and [the appellate] court has no right to impose another meaning."); *S.C. State Ports Auth. v. Jasper Cnty.*, 368 S.C. 388, 398, 629 S.E.2d 624, 629 (2006) ("In construing statutory language, the statute must be read as a whole and sections which are a part of the same general statutory law must be construed together and each one given effect."); *CFRE, LLC*, 395 S.C. at 74, 716 S.E.2d at 881 ("We therefore should not concentrate on isolated phrases within the statute. Instead, we read the statute as a whole and in a manner consonant and in harmony with its purpose."); *Se.-Kusan, Inc. v. S.C. Tax Comm'n*, 276 S.C. 487, 489, 280 S.E.2d 57, 58 (1981) ("As a general rule, tax exemption statutes are strictly construed against the taxpayer."); *id.* ("This rule of strict construction simply means that constitutional and statutory language will not be strained or liberally construed in the taxpayer's favor. It does not mean that [the appellate court] will search for an interpretation in the [Assessor's] favor where the plain and unambiguous language leaves no room for construction."); *id.* at 489-90, 280 S.E.2d at 58 ("Only when the literal application of a statute produces an absurd result will [the appellate court] consider a different meaning."); S.C. Const. art. X, § 1(3) ("The legal residence and not more than five acres contiguous thereto shall be taxed on an assessment equal to four percent of the fair market value of such property."); § 12-43-220(c)(1) ("The legal residence and not more than five acres contiguous thereto, when owned totally or in part in fee or by life estate and occupied by the owner of the interest, and additional dwellings located on the same property and occupied by immediate family members of the owner of the interest, are taxed on an assessment equal to four percent of the fair market value of the property. If residential real property is held in trust and the income beneficiary of the trust occupies the property as a residence, then the assessment ratio allowed by this item applies if the trustee certifies to the assessor that the property is occupied as a residence by the income beneficiary of the trust."); § 12-43-220(c)(2)(i) ("To qualify for the special property tax assessment ratio allowed by this item, the owner-occupant must have actually owned and occupied the residence as his legal residence and been domiciled at that address for some period during the applicable tax year.").

2.  We hold that whether the ALC erred in granting summary judgment in favor of the Assessor because there was an issue of material fact concerning Sullivan's Island's ordinance against the combination of adjoining property lots is not preserved for appellate review because Poletti first raised this issue in his motion to reconsider.  *See Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) (holding an issue is not preserved for appellate review if it was not raised to and ruled upon by the lower court); *Anderson Mem'l Hosp., Inc. v. Hagen*, 313 S.C. 497, 498, 443 S.E.2d 399, 400 (Ct. App. 1994) ("A party cannot use a motion to reconsider to present an issue he could have raised prior to judgment but did not.").

3.  We hold the ALC's interpretation of section 12-43-220(c)(1) did not violate Poletti's equal protection rights because he failed to demonstrate an equal protection violation.  *See CFRE, LLC*, 395 S.C. at 73, 716 S.E.2d at 880 (holding "[t]ax appeals to the ALC are subject to the [APA]"); *id.* at 74, 716 S.E.2d at 881 (explaining the appellate court reviews ALC decisions for errors of law); *Mead*, 419 S.C. at 130, 796 S.E.2d at 168 ("The purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder."); *id.* at 131, 796 S.E.2d at 168 (explaining that when cross motions for summary judgment have been filed, the court assumes there is no evidence to consider which has not already been filed by the parties to the case); *Wiegand*, 391 S.C. at 163, 705 S.E.2d at 434 ("Where cross motions for summary judgment are filed, the parties concede the issue before us should be decided as a matter of law."); *Bodman v. State*, 403 S.C. 60, 69, 742 S.E.2d 363, 367 (2013) ("The South Carolina Constitution provides that no 'person shall be denied the equal protection of the laws.'" (quoting S.C. Const. art. I, § 3)); *see also* U.S. Const. amend. XIV, § 1 ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.").  Poletti failed to present any specific evidence that persons in similar situations received disparate treatment, and that this treatment was not related to a legitimate government purpose.  *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 626, 503 S.E.2d 471, 479 (1998) ("In order to establish an equal protection violation, a party must show that similarly situated persons received disparate treatment."); *Town of Hollywood v. Floyd*, 403 S.C. 466, 480, 744 S.E.2d 161, 168 (2013) ("Where an alleged equal protection violation does not implicate a suspect class or abridge a fundamental right, the rational basis test is used."); *id.* at 480, 744 S.E.2d at 168 ("To prevail under the rational basis standard, a claimant must show similarly situated persons received disparate treatment, and that the disparate treatment did not bear a rational

relationship to a legitimate government purpose."); *Fraternal Ord. of Police v. S.C. Dep't of Revenue*, 352 S.C. 420, 432, 574 S.E.2d 717, 723 (2002) ("For tax statutes, 'the presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes.'" (quoting *Madden v. Kentucky*, 309 U.S. 83, 88 (1940))); *Amazon Servs., LLC v. S.C. Dep't of Revenue*, 442 S.C. 313, 340, 898 S.E.2d 194, 208 (Ct. App. 2024) (explaining the party asserting an equal protection violation must present evidence specifically identifying other similarly situated persons and their disparate treatment), *cert. granted* (Oct. 3, 2024).

4. We hold the ALC did not err in interpreting section 12-43-220(c)(1) as a tax exemption statute because the South Carolina Supreme Court previously held the statute was a tax exemption statute and not a tax classification statute. *See CFRE, LLC*, 395 S.C. at 73, 716 S.E.2d at 880 (holding "[t]ax appeals to the ALC are subject to the [APA]"); *id.* at 74, 716 S.E.2d at 881 ("Questions of statutory interpretation are questions of law, which [the appellate court is] free to decide without any deference to the court below."); *id.* (stating the appellate court reviews the ALC's decision for errors of law); *Mead*, 419 S.C. at 130, 796 S.E.2d at 168 ("The purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder."); *id.* at 131, 796 S.E.2d at 168 (explaining that when cross motions for summary judgment have been filed, the court assumes there is no evidence to consider which has not already been filed by the parties to the case); *Wiegand*, 391 S.C. at 163, 705 S.E.2d at 434 ("Where cross motions for summary judgment are filed, the parties concede the issue before us should be decided as a matter of law."); *Ford v. Beaufort Cnty. Assessor*, 398 S.C. 508, 515, 730 S.E.2d 335, 339 (Ct. App. 2012) (explaining the South Carolina Supreme Court has previously held that section 12-43-220 of the South Carolina Code (2014 & Supp. 2024) was a tax exemption statute).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.