2208

John R. LINDSEY, Assessor for Charleston County, Respondent v. SOUTH CAROLINA TAX COMMISSION and Mark T. Smith, Defendants, of whom South Carolina Tax Commission is, Appellant.

(448 S.E. (2d) 577)

Court of Appeals

*Chief Deputy Atty. Gen. Ray N. Stevens* and *Deputy Atty. Gen. Ronald W. Urban,* of *South Carolina Tax Comm'n,* Columbia, *for appellant.*

*Charleston County Atty. A. Arthur Rosenblum* and *Asst. Charleston County Atty. Anne G. H. Rounds,* Charleston, *for respondent.*

Submitted May 10, 1994.

Decided July 25, 1994.

SHAW, Judge:

This appeal concerns the issue of whether an appeal to the Board of Assessment Appeals (the Board) under S.C. Code Ann. § 12-43-300(A) (Supp. 1993) was timely commenced. The Board found the appeal was not timely and denied the request for relief. Mark T. Smith, as agent for a group of taxpayers, appealed to the South Carolina Tax Commission (the Commission). The Commission reversed the Board, finding the appeal was timely. The assessor petitioned the circuit court for judicial review. The circuit court reversed the Commission, finding the appeal untimely. We reverse and remand.[1]

The facts of this case are largely undisputed. On January 18, 1991, the assessor mailed notice of classification appraisal and assessment of real estate on the various properties in issue. The notices provided that written objection to the appraisal and assessment must be filed "with the assessor withing 30 days or before 2/18/91." The notice in question was deposited in an outside box at the United States Post Office on Monday, February 18, 1991, as the building was closed on that day for a holiday. The assessor's office date stamped the notice February 22, 1991. The envelope was postmarked February 20, 1991.

The Board found the notice was not postmarked until February 20 and therefore not "received" by the assessor until that date. It thus concluded the notice was not timely under § 12-43-300. The Commission reversed finding the uncontroverted evidence showed the notice was deposited in the mail on February 18, that deposit in the mail constitutes service of written notice under § 12-43-300, and therefore, the appeals were timely. The circuit court reversed the Commission finding, under § 12-43-300, notice is not given until it is received by the assessor and, therefore, the notice was not timely.

S.C. Code Ann. § 12-43-300(A) (Supp. 1993) provides in pertinent part:

---

[1] The hearing before the Board was limited solely to the issue of the timeliness of the property owner's notice of appeal under § 12-43-300(A). The Board never considered the merits of the valuation issue.

> ... the assessor shall ... in the year in which the valuation and assessment is made give written notice thereof to the owner of the property or his agent. ... The notice may be served upon the owner or his agent personally or by mailing. ... The owner or his agent, if he objects to the valuation and assessment, shall serve written notice of his objection upon the assessor within thirty days of the date of the mailing of the notice. ... The owner or agent, if still aggrieved by the valuation and assessment, may appeal from the action to the Board of Assessment Appeals by giving written notice of the appeal and the grounds thereof to the assessor within thirty days from the date of the mailing of the notice.

The Assessor contends the plain and ordinary meaning of the word "give" includes that concept of delivery and, thus, the statute requires receipt of written notice and not merely deposit of notice in the mail. We disagree.

The statute in question specifically provides that the assessor shall "serve written notice" of valuation and assessment upon the property owner or his agent and that notice may be served personally or by mailing. The owner or agent shall "serve written notice" of his objection within thirty days of the date of mailing of the valuation and assessment notice. The statute further provides, if still aggrieved by the assessor's valuation and assessment, the owner or agent may appeal to the Board of Assessment Appeals by "giving written notice" within thirty days from the date of mailing of the assessor's notice.

Though the statute does not specify the means by which the property owner or agent should "serve" notice of objection, logically he has the same option as the assessor, to serve in person or by mail. Contrary to the assessor's assertion, there is no statutory requirement that the assessor *receive* the document before notice is considered "given." While the statute does not define the term "giving written notice" concerning the property owners appeal to the Board, it does require the assessor to "give written notice" of the valuation and assessment by serving the same personally or by mail. Accordingly, we hold the statute allows the property owner or agent to "give" written notice by serving the same personally or by mail. Where service by mail is permit-

ted, it is complete when the document is deposited with the United States Postal Service, properly addressed with sufficient postage. *Southbridge Properties, Inc. v. Jones*, 292 S.C. 198, 355 S.E. (2d) 535 (1987). Because the uncontroverted evidence shows the notice was deposited in the mail on February 18, 1991,[2] we find the notice was timely under § 12-43-300(A).[3] Accordingly the order below is reversed and the case is remanded for further proceedings before the Board.

Reversed and remanded.

HOWELL, C.J., and CURETON, J., concur.

---

[2] There is no contention that the document was not properly addressed or contained insufficient postage.

[3] Although the thirtieth day actually fell on February 17, 1991, this day was a Sunday. Rule 6(a), SCRCP provides, in computing a time period prescribed by a statute, the last day of the period is to be included, unless it is a Saturday, Sunday or a State or Federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday. Thus, the period ran until Tuesday, February 19, 1991.