**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Emad Tadros, M.D., Respondent,

v.

Richland County Assessor, Appellant.

Appellate Case No. 2018-000186

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

Unpublished Opinion No. 2020-UP-252
Submitted June 1, 2020 – Filed August 26, 2020

**REVERSED**

Malane S. Pike, of White Rock, for Appellant.

Joshua Snow Kendrick, of Kendrick & Leonard, P.C., of Greenville, for Respondent.

**PER CURIAM:** The Richland County Assessor (Assessor) appeals the Administrative Law Court's (ALC) decision that Emad Tadros's (Tadros) appeal of property tax valuation was timely. We reverse.

**FACTS/PROCEDURAL HISTORY**

Through a family trust, Tadros purchased two parcels of property in Richland County in 2014 for $1.85M. The record reflects the Assessor mailed property tax assessment notices for both properties to Tadros's last known address[1] through a third party company, which deposited the notices with the U. S. Postal Service (USPS) on July 17, 2015. The Assessor then mailed tax bills (using the third party company and deposited with USPS) for both properties to the same address on October 28, 2015. The Assessor did not receive any returned mail involving Tadros.

At the ALC hearing, Tadros testified "[n]ever mind that I had never been connected with the county ever before, and I thought this whole thing was actually impounded. . . . [W]ith the loan I requested that the taxes be paid by the tenant automatically. So I never got it. It never crossed my mind that this would be a problem." He further testified he received the tax bills in January or February of 2016. In his letters to the Assessor, Tadros stated he received the first tax bill in February of 2016. The ALC found Tadros submitted a written appeal of the property tax assessment notices to the Assessor on March 16, 2016.

The Richland County Board of Assessor Appeals found the appeal was not timely and denied review of the valuation of the parcels. Upon review, the ALC reversed and found the appeal was timely, and the Assessor's valuation of the two parcels was incorrect. The ALC found the Assessor mailed two property tax assessment notices to Tadros on July 17, 2015, and mailed two tax bills to Tadros on October 28, 2015. However, because no information showed final delivery to Tadros and because of "Tadros's denial that he received the notice," the ALC found the property tax assessment notices were not delivered to Tadros. The ALC found Tadros's first actual notice of the assessment occurred "when he received the tax bills in February 2016." In the order denying reconsideration, the ALC elaborated and stated that South Carolina law does not contemplate the use of a third party mailing service, and because the service was used, "the [A]ssessor has never mailed the assessment notice." This appeal followed.

**STANDARD OF REVIEW**

---

[1] Tadros does not dispute that the addresses on the notices and bills are his correct mailing address.

The Administrative Procedures Act establishes the standard of review in appeals from the ALC. S.C. Code Ann. § 1-23-610(B) (Supp. 2019). The Act constrains an appellate court from reweighing the evidence presented to the ALC, but the appellate court may reverse or modify a decision if the ALC's findings or conclusions are:

> (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Id.* "The question of statutory interpretation is one of law for the court to decide." *Alltel Commc'ns, Inc. v. S.C. Dep't of Revenue*, 399 S.C. 313, 316, 731 S.E.2d 869, 870 (2012). "A reviewing court may reverse the decision of the ALC where it is in violation of a statutory provision or it is affected by an error of law." *Id.*

## LAW/ANALYSIS

The Assessor argues the ALC erred in finding Tadros's appeal was timely. We agree.

A property tax assessment notice "must be served upon the taxpayer personally or by mailing it to the taxpayer at his last known place of residence." S.C. Code Ann. § 12-60-2510(A)(2) (Supp. 2019). "Where service by mail is permitted, it is complete when the document is deposited with the United States Postal Service, properly addressed with sufficient postage." *Southbridge Props., Inc. v. Jones*, 292 S.C. 198, 199, 355 S.E.2d 535, 536 (1987).

Citing *Southbridge*, the ALC found "South Carolina law does not contemplate the use of a third party to mail documents." However, the *Southbridge* court did not preclude the use of a third party mailing service where, as here, the mail is properly deposited with the USPS. The *Southbridge* court stated "merely giving the [notice] to a third party for mailing does not amount to service on the addressee." *Southbridge*, 292 S.C. at 199, 355 S.E.2d at 536. The *Southbridge* court found the appeal notice was not timely because it was not deposited with the USPS in proper time. Here, the record reflects the property tax assessment notices were properly addressed with sufficient postage and deposited with the USPS.

We find the Assessor complied with §12-60-2510(A)(2) when the property tax assessment notices were mailed to Tadros's correct address. *See Lindsey v. S.C. Tax Comm'n*, 323 S.C. 57, 60, 448 S.E.2d 577, 578 (Ct. App. 1994) (finding notice timely where uncontroverted evidence showed notice was deposited in the mail with correct address and proper postage). A public official's quasi-judicial duty "requires the exercise of reason in the adaptation of means to an end, and discretion in determining how or whether the act shall be done or the course pursued." *Wilson v. Preston*, 378 S.C. 348, 354, 662 S.E.2d 580, 583 (2008). The Assessor was within its discretion to use a third party mailing service to deposit the notices with the USPS. Further, we note there is no additional statutory requirement that the Assessor must show when the notice arrived at the destination or that the notice was received.

Pursuant to S.C. Code Ann. § 12-60-2510(A)(3) (Supp. 2019), "the property taxpayer, within ninety days after the assessor mails the property tax assessment notice, must give the assessor written notice of objection." Here, Tadros had until October 16, 2015, to give the written notice of objection. Because Tadros did not give a timely written notice of objection, the Assessor was within its statutory authority to deny the appeal. Accordingly, the order of the ALC is

**REVERSED.**[2]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.